JAMES W. WHITNEY and GEORGE TAYLOR, plaintiffs in error *v.* EBENEZER TURNER, JR., defendant in error.

*Error to Adams.*

The doctrine in relation to trespass is well settled, that there are no accessaries all are principals who are in any wise concerned in the trespass. The person who commands or approves, is equally guilty with the one who performs the act.

THIS cause was tried at the September term, 1835, of the Adams Circuit Court, before the Hon. Richard M. Young and a jury, and a verdict and judgment rendered for the defendant in error, against the plaintiffs in error, for $22,12 and costs. There was another defendant in the Court below, who was acquitted on the trial.

J. W. WHITNEY, *in propria persona,* cited the following authorities:

1 Swift's Digest 327; 1 Strange 635, and authorities cited in

(1) Breese 162.    (2) *Ante* 165. See note at the end of this case.

v

Dedman *v.* Barber.

note 3 ; 5 Term R. 648–9 ; Cowper 478 ; 1 Chit. Plead. 362, 168, 170, 182, 187 ; Peake's Ev. 397 ; Tidd's Pract. 6, 7, 71, 73 ; 3 East. 598 ; Breese 144 ; 3 Stark. Ev. 1447–8.

LOCKWOOD, Justice, delivered the opinion of the Court :

This was an action of *trespass de bonis asportatis* brought by Turner against Whitney and the other defendants in the Circuit Court of Adams county. After the testimony had been adduced, Whitney, one of the defendants who had pleaded not guilty, applied to the Court to instruct the jury, that it was necessary that the trespass should be proved to have been committed by George Taylor and said Whitney, personally, and not by command, before the jury could find a verdict against them ; but the Court refused to give such instruction, and stated it to be the opinion of the Court, that it was improper so to do. Was the refusal to give this instruction erroneous? The doctrine in relation to trespass is well settled, that there are no accessaries ; all are principals who are in anywise concerned in the trespass. The person who commands or approves, is equally guilty with the one who performs the act. The refusal of the Court, therefore, to give the instruction, was correct.

The judgment must be affirmed with costs.

*Judgment affirmed.*